**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                    No. 98-4195

DAVID EARL HARVEY,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
G. Ross Anderson, Jr., District Judge.
(CR-97-469)

Submitted: September 22, 1998

Decided: November 19, 1998

Before WILLIAMS and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. David Calhoun Stephens, Assistant
United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

David Earl Harvey appeals from his conviction and sentence for violation of 18 U.S.C.A. § 1014 (West 1994 & Supp. 1998). Harvey's attorney has filed a brief citing Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but discussing the district court's Fed. R. Crim. P. 11 inquiry and its application of the United States Sentencing Guidelines. Harvey was informed of his right to file a pro se supplemental brief, but failed to file one.

Harvey does not allege any specific defect in the Rule 11 inquiry, and we find none. The court insured that Harvey understood the charges against him and the nature of his guilty plea. The court also advised Harvey about the rights he was waiving and the potential punishments he faced. Finally, Harvey informed the court that he was satisfied with the performance of counsel, and he stated that he was knowingly and willfully pleading guilty. We therefore find that the trial court's inquiry satisfied the requirements of Rule 11. See United States v. DeFusco, 949 F.2d 114 (4th Cir. 1991).

Harvey likewise does not allege any specific error in the calculation of his sentencing range, and we do not find any. Moreover, this court lacks authority to review correctly calculated sentences falling within the appropriate statutory or Guidelines ranges. See United States v. Porter, 909 F.2d 789, 794 (4th Cir. 1990).

Pursuant to the requirements of Anders, we have reviewed the entire record for potential error and have found none. Accordingly, we affirm Harvey's conviction and sentence.

This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

AFFIRMED